# United States District Court
## Central District of California

### CORRECTED JUDGMENT

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  CR 13-00264 (A) SJO-5 |
| **Defendant**  ZVEREV, Emilia E. | Social Security No.  4  8  8  4 |
| akas:  Also Known As: Zverev, Emiliya<br>Also Known As: Fishman, Emiliya | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

|  | MONT | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | Dec. | 2, | 2015 |

**COUNSEL**         Shaun Khojayan (Appointed)
                    (Name of Counsel)

**PLEA**    [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**18 U.S.C. § 1349: Conspiracy to Commit Health Care Fraud as charged in Count 1 of the First Superseding Indictment ;  18 U.S.C. §§ 1347, 2(b): Health Care Fraud; Causing an Act to be Done as charged in Counts 2, 3, 4, 5, and 6 of the First Superseding Indictment .**

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**THE FINDINGS PORTION OF THIS JUDGMENT IS CORRECTED TO REFLECT THAT DEFENDANT WAS CONVICTED AS TO THE FIRST SUPERSEDING INDICTMENT**.

It is ordered that the defendant shall pay to the United States a special assessment of $600, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Defendant shall pay restitution in the total amount of $804,755 pursuant to 18 U.S.C. § 3663A, to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim.  The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

A partial payment of $ 5,000 shall be paid immediately. Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $3,000, whichever is greater, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Case 2:13-cr-00264-SJO   Document 383   Filed 12/02/15   Page 2 of 6   Page ID #:3829

USA vs.   ZVEREV, Emilia E.                                 Docket No.:   CR 13-00264 (A) SJO-5

The defendant shall be held jointly and severally liable with co-participants Yaroslav Proshak, Sharetta Michele Wallace, and Sergey Alekseyevich Mumjian for payment of restitution to the extent that said co-participants are determined liable for the same victim losses ordered in this judgment. The victim's recovery is limited to the amount of its loss and the defendant's liability for restitution ceases if and when the victim receives full restitution for the amount of restitution ordered in this judgment.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Emilia E. Zverev, is hereby committed on Counts 1, 2, 3, 4, 5, and 6 of the First Superseding Indictment to the custody of the Bureau of Prisons for a term of 36 months. This term consists of 36 months on each of Counts 1, 2, 3, 4, 5, and 6 all to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 1, 2, 3, 4, 5, and 6 of the First Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

1.   The defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2.   The defendant shall not commit any violation of local, state, or federal law or ordinance.

3.   During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

4.   The defendant shall cooperate in the collection of a DNA sample from the defendant.

5.   The defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation. In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

6.   The defendant shall not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without the prior written approval of the Probation Officer.

| USA vs. | ZVEREV, Emilia E. | Docket No.: | CR 13-00264 (A) SJO-5 |
|---|---|---|---|

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court advises the Defendant of her right to appeal.

The Court recommends that the defendant shall be designated at a Prison camp or minimum security facility in Southern California that can best accommodate the defendant's medical needs.

In the interest of justice the Court dismisses the underlying indictment as to this defendant only.

The Court Orders the bond exonerated.

The Court Orders that the defendant's passport shall be returned by pretrial services to defendant's daughter, Michelle Zverev.

The Court Orders the defendant remanded into the custody of the U.S. Marshal forthwith.  Clerk issues to U. S. Marshal remand order # D 9823.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| December 2, 2015. | S. James Otero |
|---|---|
| Date | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| December 2, 2015. | By | Victor Paul Cruz |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. | **ZVEREV, Emilia E.** | Docket No.: | **CR 13-00264 (A) SJO-5** |
|---|---|---|---|

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

[x] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

| | | | |
|---|---|---|---|
| USA vs. | **ZVEREV, Emilia E.** | Docket No.: | **CR 13-00264 (A) SJO-5** |

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
    at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date        Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court
By _____

| USA vs. | ZVEREV, Emilia E. | Docket No.: | CR 13-00264 (A) SJO-5 |
|---|---|---|---|

Filed Date

Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____

Defendant                                                                 Date

_____

U. S. Probation Officer/Designated Witness                               Date